No. D–891. IN RE DISBARMENT OF DAY. Disbarment entered. [For earlier order herein, see 494 U. S. 1076.]

JUSTICE MARSHALL, with whom THE CHIEF JUSTICE joins, dissenting.

After respondent pleaded guilty to various felonies, the State Bar of Texas brought a disciplinary action in state court seeking respondent's disbarment. The state trial court enjoined respondent from practicing law in Texas. This Court then issued an order suspending respondent from the practice of law in this Court and requiring respondent to show cause why he should not be disbarred from such practice. Respondent has appealed the trial court's ruling, and that appeal is currently pending.

In view of the pendency of respondent's appeal, I do not believe it is appropriate that this Court should enter a disbarment order. This Court should not provide fewer procedural protections than the States themselves provide for appealing an adverse disciplinary determination. If the State of Texas affords respondent a means of challenging his suspension from practice, this Court should await the result of that challenge before disbarring respondent in this Court. Unless and until respondent's suspension becomes final under state law, then, I cannot join the Court's disposition. We place great weight on state procedures in determining whether to admit attorneys to practice in this Court. I do not believe that we should ignore those procedures when we decide whether discipline here is appropriate.